UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Victoria Butto, | Civil Action No.: **09    4501** |
| Plaintiff, | |
| v. | |
| Miracle Financial, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendant. | |

WEXLER J

For this Complaint, the Plaintiff, Victoria Button, by undersigned counsel, states as follows:

### JURISDICTION           BOYLE. M.J.

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

4.      Plaintiff, Victoria Butto ("Plaintiff"), is an adult individual residing in Islip, NY, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Miracle Financial, Inc., ("Defendant"), is a foreign business corporation with an address of 52 Armstrong Road, Plymouth, MA 02360, operating as a

1

collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Miracle Financial, Inc. and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Miracle Financial, Inc., at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. **The Debt**

8.      Plaintiff incurred a financial obligation in the approximate amount of $250.00 (the "Debt") to Verizon (the "Creditor") in connection with the use of a cell phone.

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     Plaintiff disagreed with charges Creditor applied to her account and therefore did not timely pay the Debt.

11.     The Debt was purchased, assigned or transferred to Defendants for collection, or Defendants were employed by the Creditor to collect the Debt.

12.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. **Defendants Engage in Deceptive Tactics**

13.     Plaintiff was first contacted by Defendants in approximately April of 2009.

2

14.     Plaintiff did not receive a validation notice regarding the Debt.

15.     When Plaintiff received calls from Defendants' debt collectors, they treated Plaintiff rudely and disrespectfully.

16.     Plaintiff attempted to arrange a payment in settlement of the Debt with Defendants.

17.     Defendants lied to Plaintiff, falsely stating that Creditor still owned the Debt.

18.     Defendants further stated that it had no ability to negotiate regarding the amount of the Debt and directed Plaintiff to contact Creditor if she wished to settle the Debt for less than the full amount.

19.     In reliance on Defendants' false representations, Plaintiff made calls to Creditor in an attempt to settle the Debt. However, Creditor maintained that it had sold the Debt to Defendants.

20.     Thereafter, Defendants debt collectors continued to represent that Creditor owned the Debt, and therefore, Plaintiff could only pay the full amount of the Debt to Defendants.

21.     Thereafter, when Plaintiff asked to speak with a supervisor, Defendants maintained that there was no supervisor.

22.     As a result of Defendant's representations, Plaintiff has been unable to resolve the outstanding Debt.

C. **Plaintiff Suffered Damages**

23.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress,

3

fear, frustration and embarrassment.

**COUNT I**

**VIOLATIONS OF THE FDCPA**
**15 U.S.C. § 1692, _et seq._**

24.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2). in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed.

29.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

30.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

31.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants

4

failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

32.     The Defendants' conduct violated 15 U.S.C. § 1692g(b)  in that Defendants continued collection efforts even though the debt had not been validated.

33.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34.     The Plaintiff is entitled to damages as a result of Defendants' violations.

**COUNT II**

**VIOLATIONS OF NEW YORK GBL § 349 -**
**ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS**

35.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

36.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

37.     The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

38.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

39.     By virtue of the foregoing, Plaintiff is entitled to recover their actual damages, trebled, together with their reasonable attorneys' fees.

## COUNT III
## COMMON LAW FRAUD

40.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of New York.

42.     The Plaintiff has suffered and continues to suffer damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in her favor and against the Defendants as follows:

1.     Against the named Defendants, jointly and severally, awarding Plaintiff her actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.     Against each of the named Defendants, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.     Against the named Defendants, jointly and severally, awarding Plaintiff her actual damages, trebled;

6

4.     Against the named Defendants, jointly and severally, awarding Plaintiff recovery of her litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5.     Against the named Defendants, jointly and severally, awarding Plaintiff punitive damages in such amount as is found appropriate; and

6.     Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 8, 2009

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiffs